IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARUK CENAP YETEK DDS,<br><br>  Plaintiff,<br><br>  v.<br><br>THE DENTAL BOARD OF CALIFORNIA, et al.,<br><br>  Defendant<br>_____/ | No. C-09-3702 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION OR, ALTERNATIVELY, DISMISSED OR TRANSFERRED FOR IMPROPER VENUE; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is plaintiff Faruk Cenap Yetek, DDS's complaint, filed August 12, 2009.[1]

In his complaint, plaintiff alleges one claim, specifically a claim for "malicious prosecution," based on plaintiff's allegation that "defendants" initiated both an administrative proceeding and an action in the Stanislaus County Superior Court, each of which, according to plaintiff, terminated in his favor and was "groundless and malicious," and caused injury to plaintiff. (See Compl. ¶¶ 8, 15, 20.) As pleaded, such claim appears to arise under state law. See Drummond v. Desmarais, 176 Cal. App. 4th 439, 449 (2009) (stating elements of claim for malicious prosecution brought under California law are "(a) the institution of an action at the direction of the defendant (b) without probable cause

---

[1] The matter was reassigned to the undersigned on November 3, 2009.

and (c) with malice, (d) termination of the initial action favorably to the plaintiff, and (e) resulting damage") (internal citation, quotation, and alteration omitted).

The parties to the instant case are not of diverse citizenship. Plaintiff, apparently cognizant of such fact, alleges the Court has jurisdiction over his claim of malicious prosecution "under the United States Constitution, and Title 42 USC 1981 et seq., and 42 U.S.C. 2000 et seq." (see Compl. at 1:21-22), and, further, has captioned his complaint as, in part, "Civil Rights Violations, Malicious Prosecution based on Race." The instant complaint, however, fails to include any claim arising under the United States Constitution. The complaint also fails to allege a claim under § 1981, which provides that all persons have the right to make and enforce contracts, to sue, to be parties to actions, and to give evidence. Further, the complaint fails to allege any facts to support a claim that plaintiff's federal civil rights were violated, and fails to allege that any conduct taken by any defendant was on account of race. Further, "42 U.S.C. § 2000" does not exist, and to the extent the complaint may be referring to 42 U.S.C. § 2000a, which prohibits discrimination in the providing of services by places of public accommodation, the complaint fails to allege a claim thereunder. In short, although the complaint refers to the federal constitution and various federal statutes, the complaint itself fails to allege a federal claim.

Accordingly, it does not appear the Court has subject matter jurisdiction over the complaint.

Further, even assuming plaintiff has alleged a federal claim, it does not appear that venue as to the instant action is proper. A civil action wherein jurisdiction is based on a federal question may be "brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." See 28 U.S.C. § 1391(b).

//

Here, although plaintiff alleges in conclusory fashion that all defendants reside in the Northern District of California, this is plainly incorrect because, for example, the County of Stanislaus is not a resident of the Northern District of California.  In any event, plaintiff fails to identify any defendant who, in fact, resides in the Northern District of California.  Further, the events as described in the complaint occurred entirely in the Eastern District of California.  Finally, there is another district in which the action may be brought, specifically, the Eastern District of California.  Consequently, it appears venue is improper in this district.  See 28 U.S.C. § 1391(b).

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later than December 23, 2009, why the instant action should not be dismissed without prejudice for lack of subject matter jurisdiction or, alternatively, dismissed or transferred for improper venue.  See California Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir.1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."); 28 U.S.C. § 1406(a) (providing court of district in which case laying improper venue is filed, "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought"); see also Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding district court has authority to raise the issue of defective venue on its own motion).

In light of the above order to show cause, the Case Management Conference ("CMC") is hereby CONTINUED from December 4, 2009 to January 22, 2010, at 10:30 a.m., and plaintiff's letter request for a continuance of the December 4, 2009 CMC is hereby DENIED as moot.[2]

**IT IS SO ORDERED.**

Dated:  December 2, 2009

MAXINE M. CHESNEY
United States District Judge

---

[2] Plaintiff is hereby advised that the Court ordinarily does not act on letters.  In the future, should plaintiff seek relief regarding scheduling matters, plaintiff may do so only by stipulation or motion filed in accordance with the Civil Local Rules of this district.