IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARUK CENAP YETEK DDS,<br><br>    Plaintiff,<br>  v.<br><br>THE DENTAL BOARD OF CALIFORNIA, et al.,<br><br>    Defendant                         / | No. C-09-3702 MMC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; SETTING DEADLINE TO SERVE DEFENDANTS; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is plaintiff Faruk Cenap Yetek, DDS's response, filed December 23, 2009, to the Court's December 2, 2009 order directing plaintiff to show cause why the above-titled action should not be dismissed for lack of subject matter jurisdiction, or, in the alternative, should not be dismissed or transferred for improper venue ("OSC"). Having read and considered plaintiff's response, the Court rules as follows.

**1. Order to Show Cause**

As noted in his response, plaintiff, subsequent to the issuance of the OSC, filed, on December 22, 2009, a First Amended Complaint ("FAC").[1] Plaintiff's FAC, in contrast to his initial complaint, expressly alleges claims under 42 U.S.C. § 1993. Consequently, the Court will not sua sponte dismiss the instant action for lack of subject matter jurisdiction.

---

[1] Plaintiff did not provide the Court with a chambers copy of the FAC. For future reference, plaintiff is reminded of the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

1  See 28 U.S.C. § 1331 (providing district court has jurisdiction over claims arising under
2  federal law).  Additionally, plaintiff's FAC, in contrast to his initial complaint, alleges facts
3  sufficient to support a finding that a substantial part of the events on which his claims are
4  based occurred in the Northern District of California.  (See, e.g., FAC ¶¶ 4, 24, 31, 34.)
5  Consequently, the Court will not sua sponte dismiss or transfer the instant action for
6  improper venue.
7  　　　　Accordingly, the Court's December 2, 2009 order to show cause is hereby
8  DISCHARGED.
9  　　　　**2. Deadline to Serve Defendants**
10  　　　　A review of the docket indicates that, although the instant action has been pending
11  for more than 120 days, plaintiff has not served any of the defendants named therein.  "If
12  service of the summons and complaint is not made upon a defendant within 120 days after
13  the filing of the complaint, the court, upon motion or its own initiative, shall dismiss the
14  action without prejudice as to that defendant or direct that service be effected within a
15  specified period . . . ."  Fed. R. Civ. P. 4(m).
16  　　　　Accordingly, pursuant to Rule 4(m), the Court hereby DIRECTS plaintiff to serve
17  each of the defendants no later than January 29, 2010, and to file, no later than February 5,
18  2010, proof of such service.  If, as to any defendant, plaintiff fails to timely file such proof of
19  service, the Court will dismiss the FAC as against said defendant(s), without prejudice,
20  pursuant to Rule 4(m).
21  　　　　**3. Case Management Conference**
22  　　　　Because, to date, no defendant has been served, the Court hereby CONTINUES the
23  Case Management Conference from January 22, 2010 to March 5, 2010, at 10:30 a.m.  A
24  Joint Case Management Statement shall be filed no later than February 26, 2010.
25  　　　　**IT IS SO ORDERED.**
26
27  Dated:  December 30, 2009
28  　　　　　　　　　　　　　　　　　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge